KIEVE LAW OFFICES
LOREN KIEVE (56280)
2121 BROADWAY STREET, UNIT 3
SAN FRANCISCO, CALIFORNIA 94115
TELEPHONE: (415) 425-2655 (CELL)
LK@KIEVELAW.COM

*Counsel for Amicus Curiae
the Brennan Center for Justice*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| State of California et al., | Case No. 3:25-cv-03372-JSC |
| Plaintiffs, | |
| v. | **UNOPPOSED MOTION OF THE BRENNAN CENTER FOR JUSTICE FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE** |
| Donald J. Trump, in his official capacity as President of the United States, et al., | |
| Defendants. | |

     The Brennan Center for Justice at New York University School of Law (the "Brennan Center") respectfully seeks the Court's leave to file the attached brief of amicus curiae in support of Plaintiffs.

     The Brennan Center is a nonprofit, non-partisan law and public policy institute that seeks to strengthen, revitalize, and defend our systems of democracy and justice. The Brennan Center's Liberty and National Security program uses innovative policy recommendations, litigation, and public advocacy to advance effective national security policies that respect the rule of law, constitutional rights, and separation of powers. Program staff have conducted extensive research and advocacy on presidential emergency powers, including the statute at issue in this case, the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. §§ 1701-1710. *See, e.g.*, Andrew Boyle, Brennan Center for Justice, *Checking the President's Sanctions Powers* (2021),

https://perma.cc/V2ZG-573P; *Hearing on Restoring Congressional Oversight over Emergency Powers: Exploring Options to Reform the National Emergencies Act Before the S. Comm. on Homeland Sec. and Governmental Affs.*, 118th Cong. (2024) (statement of Elizabeth Goitein, Brennan Center for Justice), https://perma.cc/4TJL-3QTR.

District courts have discretion over whether to allow participation by amici, and courts generally exercise "great liberality" in permitting amicus briefs. *California ex rel. Becerra v. U.S. Dep't of the Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (citation and internal quotation marks omitted); *see also Upton v. Fakhoury*, No. 19-55811, 2022 WL 213442, at *1 (9th Cir. Jan. 24, 2022) (unpublished) (district courts have "broad discretion in appointing amicus curiae"). "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (citation and internal quotation marks omitted), *rev'd in part, vacated in part on other grounds*, 531 F.3d 767 (9th Cir. 2008). "The salient question is whether such brief is helpful to the Court." *Cody v. Ring, LLC*, 718 F. Supp. 3d 993, 1004 (N.D. Cal. 2024) (quoting *California ex rel. Becerra*, 381 F. Supp. 3d at 1164).

The brief presented by the Brennan Center would provide a unique perspective, rooted in relevant expertise, on the central question at issue in this case—whether IEEPA authorizes the imposition of tariffs. Drawing on the Brennan Center's research, the proposed brief provides important context regarding the purpose behind Congress's enactment of both IEEPA and the National Emergencies Act, 50 U.S.C. §§ 1601-1651, and explains why interpreting IEEPA to implicitly authorize tariffs would undermine Congress's intent to rein in presidential use of

emergency powers and ensure that such powers would not be used as substitutes for non-emergency legislation.

The Brennan Center has a special interest in the subject matter and outcome of this case. Interpreting IEEPA to include authority not expressly mentioned could have spillover effects on the 149 other statutory authorities unlocked upon presidential declaration of a national emergency, enabling "rule by emergency power" and posing a serious threat to constitutional separation of powers.

Counsel for the Brennan Center has contacted counsel for the parties. Plaintiffs and Defendants have indicated that they do not oppose filing of the proposed brief.

For the foregoing reasons, the Brennan Center respectfully requests that the Court grant this Motion and permit counsel to file the accompanying brief of amicus curiae.

Dated: May 20, 2025                             Respectfully Submitted,

*/s/ Loren Kieve*
Loren Kieve (56280)
KIEVE LAW OFFICES
2121 Broadway Street, Unit 3
San Francisco, California 94115
Telephone: (415) 425-2655 (Cell)
lk@kievelaw.com

Leah J. Tulin*
Elizabeth Goitein*
Hannah James*
BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW
1140 Connecticut Ave. NW, Ste. 1150
Washington, D.C. 20036
(202) 650-6397 (telephone)
(202) 223-2683 (fax)
tulinl@brennan.law.nyu.edu
goiteine@brennan.law.nyu.edu
jamesh@brennan.law.nyu.edu
*Admission pro hac vice pending

*Counsel for Amicus Curiae the Brennan Center for Justice*

-3-

Case No. 3:25-cv-03372-JSC
UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause it to be served on all parties and counsel of record.

                                     */s/ Leah J. Tulin*
                                     Leah J. Tulin