UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**EMILY LEY PAPER INC** d/b/a
Simplified, **et al.,**

    **Plaintiffs**,

v.                                 Case No. 3:25cv464-TKW-ZCB

**DONALD J TRUMP, et al.,**

    **Defendants**.
_____/

## ORDER DENYING STAY

This case is before the Court based on Plaintiffs' emergency motion to stay (Doc. 38). No response is needed.

Plaintiffs asked for expedited disposition of Defendants' motion to transfer because of the alleged "immediate life-or-death consequences" the challenged tariffs were having on their businesses. The Court granted that relief, ruling on the motion to transfer less than 23 hours after it became ripe.

Plaintiffs now request a stay so they can petition the Eleventh Circuit for a writ of mandamus to review the transfer order. As a practical matter, this is a request for reconsideration because the Court has already considered, and rejected, Plaintiffs' request to stay the transfer order so they could seek appellate review. *See*

Doc. 37 at 18-19 n.19. The Court sees no reason to reconsider that ruling or to stay the transfer order—administratively or otherwise.

The Court is skeptical of Plaintiffs' claim that they have a "right" to mandamus review. That may be an "appropriate vehicle" to seek review of a transfer order, but based on this Court's appellate experience, mandamus is an extraordinary (and discretionary) writ that is not issued as a matter of "right."

Moreover, if Plaintiffs believed that they had a right to seek mandamus review of the transfer order (and good grounds to do so), there was nothing stopping them from doing so between the time the order was entered and the time they filed their motion to stay. That would have been a more productive use of time than requesting an "administrative stay" that had already been denied. Thus, the Court sees no reason to further delay the transfer to allow Plaintiffs to do what they could have already done.

This case was filed in the wrong court.[1] It needs to get to the correct court, the Court of International Trade (CIT), forthwith so it can be considered with the multitude of other nearly identical cases under active consideration by that court. That, in turn, will allow Plaintiffs' claims to be decided on the merits (by a court

---

[1] The Court understands that Plaintiffs disagree with its jurisdictional analysis and the weight given to *United States v. Yoshida*, 526 F.2d 560 (C.C.P.A. 1975) in that analysis, but their current motion does not persuade the Court (much less make a "substantial showing") that they are likely to succeed on the merits of the jurisdictional argument—at the Eleventh Circuit or elsewhere.

2

with substantive expertise over trade issues) much sooner than it will be decided if the transfer order is under review by the Eleventh Circuit.

The Court did not overlook Plaintiffs' argument that they will suffer "irreversible consequences" and be "irreparably injured" if they do not have an opportunity to seek appellate review of the transfer order at this point. However, that argument is meritless because even though the Eleventh Circuit might not be able to weigh in on the jurisdictional issue if the transfer is effectuated, Plaintiffs still have two more bites at the jurisdictional apple—at the CIT and, if necessary, at the Federal Circuit. *Id.* (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816 (1988), and *Alimenta (USA), Inc. v. Lyng*, 872 F.2d 382, 385 (11th Cir. 1989)). Thus, if as Plaintiffs claim, the Court erred in determining that it lacks jurisdiction over this case, that error is not "irreversible."

Accordingly, for the reasons stated above, it is **ORDERED** that Plaintiffs' emergency motion to stay (Doc. 38) is **DENIED**.

**DONE AND ORDERED** this 21st day of May, 2025.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**