YAAKOV M. ROTH
Acting Assistant Attorney General
ERIC J. HAMILTON
Deputy Assistant Attorney General
PATRICIA M. McCARTHY
Director, National Courts
CLAUDIA BURKE
Deputy Director, National Courts
JUSTIN R. MILLER
Attorney-In-Charge, International Trade Field Office
LUKE MATHERS
Trial Attorney

    U.S. Department of Justice
    Civil Division
    Commercial Litigation Branch
    26 Federal Plaza, Suite 346
    New York, New York 10278
    Telephone: (212) 264-9236
    luke.mathers@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STATE OF CALIFORNIA and GAVIN NEWSOM, in his official capacity as Governor of California,<br><br>    Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, et al.,<br><br>    Defendants. | Case No. 3:25-cv-03372-JSC<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF** |

The Court should transfer this case—not dismiss it, as plaintiffs requested for the first time at the May 27, 2025 hearing. To start, in their brief, plaintiffs failed to make this request and argue that their desire for dismissal could change the "interest of justice" analysis under 28 U.S.C. § 1631. *See* ECF No. 12. That failure means that plaintiffs forfeited their argument for dismissal in lieu of transfer. *Young v. ByteDance Inc.*, 700 F. Supp. 3d 808, 815 (N.D. Cal. 2023) (an argument omitted from an opposition brief is forfeited).

Regardless, courts in the Ninth Circuit "have rarely found that transfer would not serve the interest of justice" under 28 U.S.C. § 1631. *See Amity Rubberized Pen Co. v. Market Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015). Under section 1631, transfer is "normally" in the interest of justice because "dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Sec. Alarm Financing Enters., L.P. v. Nebel*, 200 F. Supp. 3d 976, 987 (N.D. Cal. 2016) (quoting *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)). It undoubtedly would be time-consuming for plaintiffs to bring a piecemeal procedural appeal in the Ninth Circuit rather than litigate on the merits at the Court of International Trade with 12 of their sister states. *See, e.g.*, *Taati v. Cigna Healthcare, Inc.*, 2008 WL 11423917, at *7 (C.D. Cal. Sept. 19, 2008) (finding transfer under section 1631 in the interest of justice to avoid "litigating [claims] piecemeal in two different forums," which "would burden" the courts involved). Indeed, where the transferee court is already evaluating "markedly similar" "factual, legal, and procedural issues," "transfer, not dismissal, is the preferable disposition." *Amerijet Int'l, Inc. v. DHS*, 43 F. Supp. 3d 4, 21 (D.D.C. 2014); *Fitbit, Inc. v. Koninklijke Philips N.V.*, 336 F.R.D. 571, 587 (N.D. Cal. 2020) (explaining that transfer under section 1631 would "serve the interest of justice" in part because "a related … action between the same parties" had already been transferred by another judge).

In addition, plaintiffs' desire for an immediate appeal to the Ninth Circuit is not a reason to deny defendants' motion based on the interests of justice. Congress determines the jurisdiction of the courts of appeals, and it decided against making transfer orders immediately appealable. Plaintiffs' request would require this Court to hold that the interest-of-justice language in Congress's transfer statute includes a judicial determination that the limits Congress placed on appellate jurisdiction are unjust. That sort of interpretation of section 1631 would defy logic and create a loophole to appellate jurisdiction. And the

Ninth Circuit has not held a plaintiff's desire for an appealable judgment relevant to the decision whether to transfer or dismiss a case. *See Amity*, 793 F.3d at 996. None of this denies plaintiffs review of the transfer order. As the U.S. District Court for the Northern District of Florida recently recognized in denying a motion premised on a need for Eleventh Circuit review, "Plaintiffs still have two more bites at the jurisdictional apple—at the CIT and, if necessary, at the Federal Circuit." *Emily Ley Paper Inc. v. Trump*, No. 3:25-cv-464, 2025 WL 1482363, at *1 (N.D. Fla. May 21, 2025); *see also id.*, 2025 WL 1482771, at *8 n.19 (May 20, 2025).

Plus, granting plaintiffs' request to dismiss their case is not likely to have the effect they desire. An order dismissing a case at a plaintiff's request is not appealable. Plaintiffs' "fundamental motivation in requesting a dismissal [is] to avoid the effects, and appeal the underlying basis, of an otherwise-unappealable interlocutory ruling that they [feel] would be damaging to their case: a transfer order. Courts do not favor this sort of end-run around the final judgment rule to make interlocutory orders immediately appealable." *Dearth v. Mukasey*, 516 F.3d 413, 416 (6th Cir. 2008) (dismissing an appeal of an order dismissing a case without prejudice at the plaintiff's request); *accord Hodgkins v. Mukasey*, 271 F. App'x 412, 414 (5th Cir. 2008) (same); *see Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995) (plaintiffs may not appeal from a voluntary dismissal without prejudice because "[t]he plaintiff is free to seek an adjudication of the same issue at another time in … another forum"). In short, plaintiffs' desire for dismissal and piecemeal appeal circumventing the jurisdictional limits created by Congress cannot outweigh the Ninth Circuit's strong preference for transfer to a court with jurisdiction. *Amity*, 793 F.3d at 996.

DATED: May 30, 2025

OF COUNSEL:

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Director
U.S. Department of Justice
Civil Division
Federal Programs Branch

SOSUN BAE
Senior Trial Counsel

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC J. HAMILTON
Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

*s/Claudia Burke*
CLAUDIA BURKE
Deputy Director

*s/Justin R. Miller*

DEFS.' SUPPLEMENTAL BR.
No. 3:25-cv-03372-JSC

3

| | |
|---|---|
| CATHERINE M. YANG<br>BLAKE W. COWMAN<br>COLLIN T. MATHIAS<br>Trial Attorneys<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br><br>PATRICK ROBBINS<br>Acting United States Attorney<br>PAMELA JOHANN<br>Assistant United States Attorney<br>Chief, Civil Division<br>450 Golden Gate Avenue<br>P.O. Box 36066<br>San Francisco, California 94102<br>(415) 436-7025 | JUSTIN R. MILLER<br>Attorney-In-Charge<br>International Trade Field Office<br><br>*s/Luke Mathers*<br>LUKE MATHERS<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>(212) 264-9236<br>luke.mathers@usdoj.gov<br><br>Attorneys for Defendants |

DEFS.' SUPPLEMENTAL BR.
No. 3:25-cv-03372-JSC            4